# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeMARQUIS SILLEMON, | CASE NO. 1:07-cv-01801-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| G. RODREGEZ, | (Doc. 1) |
| Defendant. / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff DeMarquis Sillemon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Plaintiff's Claim**

    **A.    Summary of Complaint**

On April 24, 2006, after Plaintiff had been relocated to the administrative segregation unit ("AD SEG") at Corcoran State Prison, where he then resided, Defendant Rodregez negligently discarded letters and health care products belonging to Plaintiff prior to Plaintiff's directing disposition of his personal property. Plaintiff alleges that Defendant's unauthorized disposition of his belongings violated due process.

2

Prisoners have a protected interest in their personal property. <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974). The Due Process Clause protects prisoners from being deprived of their property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. <u>Hudson v. Palmer</u>, 468 U.S. 517, 532 n.13 (1984); <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422 (1982); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985). In contrast, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 486 U.S. 517, 533 (1984). Because Plaintiff has remedies available under California law, he may not pursue a § 1983 claim based on the loss of his personal property.

### III. Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiency, the Court **HEREBY RECOMMENDS** that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 7, 2009**          /s/ **Gary S. Austin**
                          UNITED STATES MAGISTRATE JUDGE